IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL ACTION NO. DKC-01-367 |
| | : CIVIL ACTION NO. DKC-07-984 |
| | : (ECF EXEMPT) |
| RUFUS JERRY MILLEGAN | : |
| | : |
| ..oOo.. | |

## MEMORANDUM

Before the court is a pro se motion to modify sentence by removal of fine and/or restitution filed by Rufus Jerry Millegan.[1] Millegan's claim is premised on his belief that he is entitled to relief under 18 U.S.C. § 3582(c).[2] Defendant has also filed a Motion for Appointment of Counsel. (Paper No. 240). The Motion for Appointment of counsel shall be denied.

Millegan contends that his sentence is in error because his pre-sentence report indicated that he had no ability to pay a fine or restitution. The statutory provision relied on, 18 U.S.C. §3582(c), pertains to the imposition of a term of imprisonment, and provides that a court may not modify a term of imprisonment once it has been imposed. Millegan is not challenging the term of imprisonment and does not, in any event, assert that any statutorily-prescribed exceptions apply. *See* 18 U.S.C. §3582 (c).

---

[1] On February 21, 2003, the court sentenced Millegan to three concurrent life terms and ordered him to pay $8,977.00 in restitution (representing the cost of the victim's funeral expenses) and a $300.00 special assessment. Millegan did not note an appeal.

[2] The Motion was erroneously docketed as a Motion to Vacate filed pursuant to 28 U.S.C. § 2255 and a new civil case was instituted. *See Millegan v. United States*, Civil Action No. DKC-07-984 (D. Md. 2007). As the matter was docketed and opened in error, the case shall be dismissed without prejudice.



Millegan also cites to other statutory provisions, including 18 U.S.C. § 3742, 18 U.S.C. § 3572(a)(1) and 18 U.S.C. § 3663(f)(1), and to court decisions, including *United States v. Aramony*, 166 F.3d 655 (4th Cir. 1999) and *United States v. Fair*, 979 F.2d 1037 (1992) as grounds for the relief he seeks.

Defendant contends that his inability to pay the restitution as imposed was evident at the time of sentencing. The proper mechanism for raising a claim that the court erred at the time of his sentencing, by imposing an unreasonable restitution payment, was to challenge the sentence on direct appeal. In failing to file a direct appeal, Defendant has waived his opportunity to challenge the restitution component of his sentence as imposed. *See Cani v. United States*, 331 F.3d 1210, 1214 (11th Cir.2003) ("although a restitution calculation may be contested for the first time on direct appeal, which will give rise to plain error review, we can find no case (and have been cited to none) in which a defendant has been permitted to advance such a challenge for the first time in a collateral proceeding"); *United States v. Surber*, 94 Fed.Appx. 355, 356 (7th Cir.2004) (unpublished opinion) (challenge to original restitution order could have been raised on direct appeal, but "district court was without jurisdiction to consider it four years later in a petition seeking a modification of the payment schedule").

Moreover, Defendant's restitution order was imposed under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. In determining the amount of restitution under the MVRA, "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. §3664(f)(1)(A). The sentencing court may mitigate the impact of the order of restitution in two respects: (1) "relax[ing] the 'manner' of payment" and (2) "apportion[ing] the

2

payment among defendants if more than one defendant...contributed to the loss." *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003). Because the court is bound by the mandatory language of the MVRA, it is without authority to remit restitution orders entered under the Act. *See United States v. Roper*, 362 F.3d 336, 338 (4th Cir. 2006).

Although the opportunity to challenge the validity of the original restitution order as imposed has passed, Defendant may ask the court to modify the terms of that order. Certain restitution orders can be modified, even if valid when imposed, pursuant to 18 U.S.C. § 3664(k), which provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Section 3664(k) authorizes federal district courts to modify the terms of a previously-imposed restitution order--but only when there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir.2005) ( per curiam ), quoting § 3664(k). In this case, Defendant has not shown that his financial situation has materially changed since his sentencing and accordingly, the restitution order cannot be modified under § 3664(k).

When a district court is notified of a change in a defendant's financial circumstances, the court may adjust the payment schedule or require an immediate payment in full. *See* 18 U.S.C.

3

§§ 3572(d)(3), 3664(k). Even if Defendant's current financial situation were construed to trigger the provisions of 18 U.S.C. §§ 3572(d)(3) and 3664(k), the most the court could do is adjust the payment schedule.

The court is not permitted under either statute to grant the relief Defendant seeks, a "waiver" of the total amount of the restitution judgment. Accordingly, Defendant's Motion shall be denied. A separate Order follows.

7-17-07
Date

_/s/ Deborah Chasanow_
DEBORAH K. CHASANOW
United States District Court